IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS DUANE STRAWDER, *also known as* James T. Hall,<br><br>     Petitioner,<br><br>vs.<br><br>Scott R. Frakes, *Director*, Neb. Dept. Corr. Services, State of Nebraska,<br><br>     Respondents. | 4:16CV3160<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the court on Plaintiff's Motion for Reconsideration (Filing No. 42) of this court's order dated January 19, 2017 (Filing No. 35). In that order, this court dismissed Plaintiff's Petition for Writ of Habeas Corpus without prejudice to reassertion of a subsequent petition upon authorization by the Eight Circuit Court of Appeals. Plaintiff's Motion for Reconsideration is denied.

  Plaintiff states in his Motion that this court has the only copy of his petition, exhibits, and evidence. (Filing No. 42 at CM/ECF p. 7.) However, the clerk's office does not maintain a paper file in any case unless required by law or local rule. *See* NECivR 5.1(f). Nebraska Civil Rule 5.1(f) provides in relevant part:

> (2) **Original Documents Scanned and Discarded**. The clerk scans and discards original documents brought to the clerk for filing unless the document's size or nature requires that it be kept in a paper format. An attorney who wishes to have an original document returned after the clerk scans and uploads it to the System may, before submitting the document to the clerk, ask the assigned judge for written authorization for the document's return. Authorization is granted on a case-by-case basis. The court does not allow blanket authorizations for the return of all original documents filed by an attorney or office.

> (3) **Copies of Filings**. A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope.

NECivR 5.1(f)(2)-(3). Plaintiff never requested that his documents be returned to him before he submitted them to the clerk. Plaintiff also never requested a copy of his documents submitted for filing, and he did not, at the time of filing, supply the clerk's office with a copy of his documents and a self-addressed, stamped envelope. The fact that Plaintiff appears pro se does not excuse his failure to comply with these filing requirements. See NEGenR 1.3(g) ("Except as otherwise expressly provided, all litigants who are proceeding pro se shall be bound by and comply with all local rules and administrative procedures and with the federal rules of procedure.").

IT IS THEREFORE ORDERED that: Plaintiff's Motion for Reconsideration (Filing No. 42) is denied.

Dated this 31st of January, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge